**SO ORDERED.**

**SIGNED this 8 day of May, 2026.**



_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

YVONNE ATKINS

           DEBTOR.

CHAPTER **13**

CASE NO. **24-01557-5-DMW**

**CONSENT ORDER CONDITIONALLY DENYING
RELIEF FROM THE AUTOMATIC STAY**

THIS MATTER comes before the Court for relief from the automatic stay to allow Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander") to exercise its rights and remedies against Santander's collateral under the Loan Documents (hereinafter defined). Based upon the consent, stipulation, and agreement of Santander, the Trustee, and the Debtor, the Court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. §157, and the court has jurisdiction pursuant to 28 U.S.C. §§151, 157, and 1334. The court has the authority to hear this

matter pursuant to the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina.

2.	The Debtor filed a voluntary petition under chapter 13 of title 11 on May 8, 2024.

3.	On or about May 8, 2023, Santander extended a loan to Yvonne Atkins (the "Debtor") to finance the purchase of a 2021 Mitsubishi Outlander SP Van, VIN No. JA4APUAU8MU028873 (the "Vehicle").

4.	In conjunction with this loan, the Debtor executed a Retail Installment Contract in favor of Santander in the principal amount of $22,959.22 (the "Contract").

5.	Santander has a perfected security interest in the Vehicle, as noted on the face of the Certificate of Title for the Vehicle (the "Certificate of Title").

6.	On or about May 8, 2024, the Debtor filed his Chapter 13 Plan (the "Plan") (D.I. 2), which provides for payment directly to Santander outside of the Plan.

7.	As of the entry of this Order, the total arrears are in the amount of $1,699.06.

8.	The Motion for Relief from Automatic Stay should be denied and the Automatic Stay should remain in effect so long as the Debtor complies with the following terms of adequate protection:

a)	The Debtor shall resume regular monthly payments directly to Santander beginning with the payment due for May 2026.  If the May 2026 regular payment is not received by Santander on or before 5:00 PM on May 30, 2026, then the automatic stay shall be immediately lifted to allow Santander to exercise its rights and remedies under the Contract and applicable laws.  Beginning with the June 2026 payment and continuing for twelve (12) consecutive months, if any regular monthly payment is not received by Santander by 5:00 PM on the thirtieth (30th) day after the day on which it is due, then the automatic stay shall be

immediately lifted to allow Santander to proceed against the Vehicle in accordance with its Contract, Security Agreement and applicable law.

     b)     The Debtor shall cure the post-petition arrearage of 1,699.06 by making six (6) additional monthly payments in an amount no less than $283.18 with the first payment being due on May 1, 2026 and the subsequent payments being due on the first (1st) day of each month thereafter until the delinquency is satisfied.  If any monthly cure payment is not received by Santander by 5:00 PM on the thirtieth (30th) day after the day on which it is due, then the automatic stay shall be immediately lifted to allow Santander to proceed against the Vehicle in accordance with its Contract, Security Agreement and applicable law.

     c)     The finance agreements giving rise to the security interests in favor of Santander include provisions permitting recovery of any fees/costs associated with enforcing the agreement.  Based on the same, Santander shall be reimbursed in the amount of $600.00 which will be added to the loan balance.

NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.     That so long as the Debtor complies with the terms of adequate protection set forth in Paragraph 8 of the Findings of Fact above, the automatic stay shall remain in effect.

2.     That if the Debtor fails to comply with any of the terms of adequate protection set forth above in Paragraph 8 of the Findings of Fact herein, the automatic stay shall be and hereby is dissolved to allow Santander to proceed against the Vehicle in accordance with applicable law and its security agreement.

3.     That the Debtor shall reimburse Santander for its reasonable attorneys' fees and expenses in the amount of Six Hundred and 00/100 Dollars ($600.00) which shall be added to the balance of the loan.

4. That if the automatic stay is dissolved for failure to comply with the terms of this Order:

a. The Debtor is ordered to immediately release the Vehicle to Santander or advise it of the location of the Vehicle and the name, address, and telephone number of any third party who has possession of the Vehicle.

b. That Santander is allowed a period of one hundred twenty (120) days following the sale or subsequent disposition of the Vehicle to file an unsecured claim in this case for any outstanding deficiency balance remaining after sale or subsequent disposition of the Vehicle.

c. That the lift of stay and subsequent turnover of the Vehicle shall be effective immediately upon entry of the Notice of Default/Notice of Lift of Stay pursuant to Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure, notwithstanding anything to the contrary in the Rules of Bankruptcy Procedure which might be applicable.

d. That time is of the essence as to each and all of the provisions of this Order.

e. That this Court shall, and hereby does, retain jurisdiction over this matter, the parties hereto, and the subject matter hereof, to the extent permitted under applicable law, for the entry of such other and further orders as are either necessary or appropriate to accomplish the foregoing.

WE CONSENT:

WOMBLE BOND DICKINSON (US) LLP

By:     /s/ Eudora F. S. Arthur

        EUDORA F. S. ARTHUR

        N.C. State Bar No. 59854
        555 Fayetteville Street, Suite 1100
        Raleigh, NC 27601
        Telephone: (919) 755-2148
        Email: dorie.arthur@wbd-us.com

*Attorneys for Santander Bank, N.A., as servicer for Santander Consumer USA Inc.*

By:     Edward C. Boltz

         Edward C. Boltz
         The Law Offices of John T. Orcutt
         1738-D Hillandale Road
         Durham, NC 27705
         919 286-1695
         Fax : 919 286-2704

*Attorney for the Debtor*

By:     /s/ Michael Burnett

        Michael Burnett
        Office of the Chapter 13 Trustee
        P.O. Box 61039
        Raleigh, NC 27661-1039
        919-876-1355

 *Trustee*

**END OF DOCUMENT**